IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MCCURDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 19-1898-CFC |
| ) | |
| WRIGHT MEDICAL ) | |
| TECHNOLOGY and WRIGHT ) | |
| MEDICAL GROUP, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

Pending before me are Defendants' objections (D.I. 16) to the Magistrate Judge's Report and Recommendation issued on February 25, 2020 (D.I. 15). The Magistrate Judge recommended in her Report and Recommendation that I grant in part and deny in part Defendants' motion to dismiss the Complaint. I have reviewed the Report and Recommendation, the objections, and Plaintiff's response (D.I. 18).

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendation de novo. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

The Complaint alleges eight claims arising out of Defendants' design,

manufacturing, marketing, and sales of the "Conserve Cup." Defendants object to the Magistrate Judge's refusal to dismiss the Complaint in its entirety. They argue that

> [t]he Complaint is entirely premised on purported defects in a specific "CONSERVE® Cup" used in a hip implant device, which Plaintiff alleges is defective because of its "different design" that "puts a metal femoral ball directly in contact with [that] metal acetabular cup"—known as a "metal-on-metal" configuration. *See* Complaint ("Compl.") ¶ 13. The Plaintiff, however, when listing the devices he actually received, alleges he received a different cup than the CONSERVE® Cup (a DYNASTY®-brand Cup with an "XP"—cross linked polyethylene—liner[ ]) which is ***not*** a metal-on-metal configuration.

D.I. 16 at 1 (emphasis in original).

The Complaint is in fact premised on the alleged defective design of the Conserve Cup. D.I. 1 ¶ 13. It alleges that the Conserve Cup either by itself, *see id.* ¶¶ 13, 15, 16, 23, or in conjunction with another capitalized term in the Complaint, the "Wright Medical Hip Implant," *see id.* ¶¶ 14, 22, 24, 30, 31, 35, 37, 42, 44, 46, 48–52, 59, 64–69, 71, 72, 75, 77–83, 85–93, 95–100, 103–05, 107–14, 116, 118–19, 122–23, 127–31, was defective and unreasonably dangerous because its implantation "puts [a] metal femoral ball directly in contact with a metal acetabular cup" and thereby "forces metal to rub against metal with the full weight

2

and pressure of the human body," *id.*[1]

The Complaint does not, however, allege that a Conserve Cup was implanted into Plaintiff. Nor does it allege that a Wright Medical Hip Implant was implanted into Plaintiff. Instead, the Complaint identifies by lot number five "components manufactured and marketed by Defendants [that] were implanted into Plaintiff's body . . . ." D.I. 1 ¶58. But the Complaint does not allege that any of these components—either individually or in a combination with another component or components—were defective or caused Plaintiff an injury.

Because the Complaint's causes of action are premised on allegations that the Conserve Cup was defective, but the Complaint does not allege that the Conserve Cup was implanted into Plaintiff, the Complaint fails to state a claim upon which relief can be granted. I need not and do not give any weight to Defendants' assertions about "the DYNASTY®-brand Cup." The fact that the

---

[1] The Complaint is, to put it mildly, poorly drafted. It was obviously copied from the complaint filed in *Anastasi v. Wright Med. Tech., Inc.*, Case No. 4:14CV00053, in the Eastern District of Missouri. Paragraph 101 of the Complaint alleges that "Plaintiff Louis Annette Anastasi has suffered significant damages" and paragraph 29 consists of an incomplete sentence. The Complaint uses defined (capitalized) terms such as "Conserve Cup" and "Wright Medical Hip Implant" but never defines them. And it confusingly suggests at times that the Conserve Cup is part of the Wright Medical Hip Implant, *see, e.g.,* D.I. 1 ¶¶12–13, 35, 42, 44; at other times that the Conserve Cup is a type of Wright Medical Hip Implant, *see, e.g., id.* ¶¶ 14, 68; and still other times that the Conserve Cup is something distinct from the Wright Medical Hip Implant, *see, e.g. id.* ¶ 22, 46, 59.

3

Complaint contains no allegation that the Conserve Cup was implanted into Plaintiff renders the Complaint deficient.

WHEREFORE, on this 12th day of June in 2020, IT IS HEREBY ORDERED that:

1. Defendants' Objections to the Magistrate Judge's Report and Recommendation (D.I. 16) are SUSTAINED;

2. The Report and Recommendation (D.I. 15) is ADOPTED IN PART AND REJECTED IN PART;

3. Defendants' motion to dismiss (D.I. 6) is GRANTED;

4. The Complaint is DISMISSED; and

5. Plaintiff shall have until July 10, 2020 to file an amended complaint.

*[signature]*
UNITED STATES DISTRICT JUDGE